UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| ELBERT DUVALL | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:07-cv-199 |
| v. | ) | Judge Philip P. Simon |
| | ) | |
| RICHARD MUDRY, et al. | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This is an employment discrimination dispute emanating from a fight that the Plaintiff was involved in at work that led to his dismissal. The matter is presently before the Court on a Motion to Dismiss filed by Defendants Service Employees International Union, Local 73, and Christine Boardman, Susan Matta, and Anthony Taylor [DE 13.] Boardman, Matta and Taylor are all employed by Local 73 and so I will refer to them in this order collectively as the "Local 73 Defendants." Plaintiff filed suit pursuant to 42 U.S.C. § 1981, on June 15, 2007, against the Local 73 defendants and against two other individuals who I surmise are in some way affiliated with the Plaintiff's previous employer, although the complaint is not clear on this point. [DE 1.] The latter two defendants have answered the complaint. Because the complaint contains no factual allegations concerning the Local 73 Defendants or their involvement in the alleged discrimination, Local 73's Motion To Dismiss is granted, albeit without prejudice.

## DISCUSSION

Plaintiff filed a pro se employment discrimination complaint, after filing a charge of discrimination with the Equal Employment Opportunity Commission. [DE 1.] Plaintiff alleges that he is entitled to relief because "I was discharge[d] for fighting[.] There was a fight between a white employee and a black employee[.] They tried to terminate the black employee[.]" (Compl. at 2,

section III.) Similarly, Plaintiff provided the following facts on which his complaint was based, "Black worker was name[d] Jimmy Cross, white worker was name[d] Gene Kanelopoulos who never lost 1 day of work[.] The union requests information about the fight between Jimmy Cross[,] black man[,] and Gene Kanelopoulos white. Laidlaw worker denied the union request [for] information[.]" (*Id.* at 2-3, section IV.)

Local 73 Defendants moved to dismiss pursuant to Rule 12(b)(6), which is now before the Court. Plaintiff has failed to respond to the motion. According to L.R. 7.1, Plaintiff had 15 days after service of Local 73 Defendants' Motion, which was entered on July 30, 2007, to serve and file a response. Since it is well past the deadline and Plaintiff has yet to respond, Local 73 Defendants' Motion will be decided on the merits without the aid of a response.

The federal rules require only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Rule 12(b)(6) requires dismissal of a complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In the Rule 12(b)(6) context, a district court accepts as true all well-pleaded allegations in the complaint and draws all reasonable inferences in favor of the plaintiff. *Moranski v. General Motors Corp.*, 433 F.3d 537, 539 (7th Cir. 2005). If the plaintiff can prove no set of facts that would entitle him to relief, dismissal under Rule 12(b)(6) is appropriate. *Hernandez v. City of Goshen, Ind.,* 324 F.3d 535, 537 (7th Cir. 2003). Pleadings in federal court need not allege facts corresponding to each element of a statute. *Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005). "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, __ U.S. __, 127 S.Ct. 2197, 2200 (2007) (*quoting Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Nevertheless, "the factual detail in a complaint may be so sketchy

2

that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." *Airborne Beepers & Video, Inc., v. AT&T Mobility LLC*, 2007 WL 2406859 at *1 (7th Cir. Aug. 24, 2007) . A pro se complaint can be dismissed for failure to state a claim only if the plaintiff "can prove no set of facts in support of his claim which would entitle him to relief." *Estelle*, 429 U.S. at 106.

§ 1981 claims must meet the same prima facie requirements as a Title VII discrimination claim. *Humphries v. CBOCS West, Inc*., 474 F.3d 387, 403 (7th Cir. 2007). In actions brought against labor unions, plaintiffs must show that (1) the company violated the collective bargaining agreement; (2) the exclusive bargaining representative permitted the breach to go unrepaired;  and (3)  the exclusive bargaining representative's actions were motivated by animus against a protected class. *See Greenslade v. Chicago Sun-Times, Inc.*, 112 F.3d 853, 866 (7th Cir. 1997) (*citing Johnson v. Artim Transp. System*, 826 F.2d 538, 542 (7th Cir. 1987). Plaintiff's only mention of the Local 73 Defendants in his complaint is that the union requested information about a fight (that the Plaintiff was not even involved in) and that the employer denied the union's request. (Compl. at 2-3, section IV.)

The complaint is void of any allegations that Local 73 Defendants were involved in any way with Plaintiff's allegations of discrimination. The relationship between Plaintiff's discrimination claim and Local 73 Defendants is unclear from the face of the complaint. Plaintiff has not alleged any facts which would establish a violation by Local 73 Defendants. Furthermore, no reasonable inference can be drawn from the factual allegations that could support a claim for violation of 42 U.S.C. § 1981. Plaintiff failed to state a cause of action against the Local 73 Defendants. Therefore, Plaintiff's § 1981 claim against Local 73 Defendants is dismissed.

3

## CONCLUSION

For the foregoing reasons, Local 73 Defendants' Motion To Dismiss [DE 13] is **GRANTED** and Plaintiff's § 1981 claim as to Defendants Boardman, Matta, and Taylor is hereby **DISMISSED WITHOUT PREJUDICE**.

Plaintiff is hereby **GRANTED LEAVE TO AMEND** his Complaint within 30 days of the date of entry of this Order to address the deficiencies outlined above if he still wishes to preserve his claim against Local 73 Defendants.

**SO ORDERED**.

ENTERED: October 23, 2007

                                         s/ Philip P. Simon
                                         PHILIP P. SIMON, JUDGE
                                         UNITED STATES DISTRICT COURT